UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON ROBINSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO ADVISORS, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-05304-HSG<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS AGAINST WELLS FARGO & COMPANY AND WELLS FARGO BANK, N.A.**<br><br>Re: Dkt. No. 31 |

Pending before the Court is Defendant Wells Fargo & Company ("WFC") and Defendant Wells Fargo Bank, N.A.'s ("WFB") joint motion for summary judgment against Plaintiff Sharon Robinson ("Plaintiff"). See Dkt. No. 31 ("Mot."). Defendant Wells Fargo Advisors ("WFA") does not join this motion. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court **GRANTS** the motion for the foregoing reasons.

## I.    BACKGROUND

Plaintiff's father executed a will (the "Will") establishing two testamentary trusts. For one of these trusts (the "Trust"), Plaintiff and her siblings were remainder beneficiaries. Dkt. No. 31-1 (Stipulation of Undisputed Facts ("SUF")) ¶ 1; Dkt. No. 30 ¶ 9. The Will appointed WFB as trustee. SUF ¶ 2; Dkt. No. 30 ¶ 11. The Will provided that the net income from the Trust would be paid to Plaintiff's father's wife until her death and then the remaining assets would be distributed to Plaintiff and her siblings. SUF ¶ 3; Dkt. No. 30 ¶ 9.

Plaintiff asserts that after receiving her share of the distribution of the Trust, she "kept her funds at Wells Fargo Investments LLC," which was acquired by Defendant WFA in 2011. Dkt. No. 30 ¶ 10. That year, Plaintiff states that she transferred all of her assets from Wells Fargo Investments LLC to U.S. Bancorp. *Id.* ¶ 13. Wells Fargo Investments LLC, which later became

1    WFA, and WFB are all subsidiaries of WFC.  *Id.* ¶ 12.

2          Plaintiff asserts that throughout the time they served as trustee, "Defendants[1] accumulated in their files a number of items pertaining to Robinson," including "documents of various kinds purporting to reflect on Robinson's medical condition, and various other personal information about her."  *Id.* ¶ 14.  Believing she had a legal right to the alleged documents, Plaintiff sent a letter to WFA requesting documents from the Trust file that pertained to her on June 23, 2014.  *Id.* ¶ 15; *id.* Ex. A.  WFA rejected Plaintiff's requests on three separate occasions.  *Id.* ¶ 16; *id.* Ex. B.  Plaintiff then hired attorney James Braden, who sent an additional letter to WFA requesting the documents on August 19, 2015.  *Id.* ¶ 17; *id.* Ex. C.  A WFA Compliance Consultant replied via email on August 26, 2015.  *Id.* ¶ 18, Ex. D.  Braden and the Compliance Consultant sent an additional series of four emails and letters between them, with the final communication sent on September 11, 2015.  *Id.* ¶¶ 19-22; *id.* Exs. E, F, G, H.  In her final letter denying Braden's request, WFA's Compliance Consultant stated that she could not release the requested documents without a subpoena because they included "internal account notes in which parties such as law enforcement, government agencies or family members may have been included."  *Id.* Ex. H.

      Plaintiff filed this action on November 19, 2015.  *See* Dkt. No. 1.  She filed a First Amended Complaint adding WFB as a defendant on May 12, 2016.  *See* Dkt. No. 30.  The amended complaint alleged that Defendants collectively breached a fiduciary duty owed to Plaintiff under several different states' laws by failing to produce the requested documents.[2]  *Id.*  On April 22, 2016, Plaintiff and WFA stipulated to referral to binding arbitration before the Financial Industry Regulatory Authority, and to stay all further proceedings against WFA pending the outcome of that arbitration.  *See* Dkt. No. 23.  The Court granted the stipulation on October 5, 2016.  Dkt. No. 43.

**II.   LEGAL STANDARD**

      Summary judgment is proper where the pleadings and evidence demonstrate "there is no

---

[1] Plaintiff refers to WFA, WFB, and WFC collectively as "Defendants" throughout her First Amended Complaint.  *See* Dkt. No. 30 ¶ 12.
[2] The parties stipulated to be bound by the laws of Oregon at the August 4, 2016 motion hearing.  *See* Dkt. No. 42 (transcript) at 7:9-9:24.

genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material issue of fact is a question a trier of fact must answer to determine the rights of the parties under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears "the initial responsibility of informing the district court of the basis for its motion." *Celotex*, 477 U.S. at 323. To satisfy this burden, the moving party must demonstrate that no genuine issue of material fact exists for trial. *Id.* at 322. To survive a motion for summary judgment, the non-moving party must then show that there are genuine factual issues that can only be resolved by the trier of fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000). To do so, the non-moving party must present specific facts creating a genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324.

The Court must review the record as a whole and draw all reasonable inferences in favor of the non-moving party. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). However, unsupported conjecture or conclusory statements are insufficient to defeat summary judgment. *Id.*

## III.  ANALYSIS

Under Oregon state law, "[q]ualified beneficiaries [] are entitled to be 'reasonably informed about the administration of the trust and of the material facts necessary for those beneficiaries to protect their interests.'" *Tseng v. Tseng*, 271 Or. App. 657, 661 (2015) (quoting ORS 130.710(1)). Plaintiff argues that WFA, WFB, and WFC collectively violated this statute "[b]y failing and refusing to provide the information and documents Robinson requested." Dkt. No. 30 ¶ 37. However, WFB and WFC contend that Plaintiff's pleadings and proffered evidence demonstrate that she requested information solely from WFA rather than from WFB or WFC, and that they therefore cannot be liable for refusing to comply with requests that they never received. *See* Mot. at 4. WFB and WFC point to the letters attached to Plaintiff's complaint as evidence that they were uninvolved in the document requests on which Plaintiff's claims are

based.  *See* Dkt. No. 30, Exs. A-H.  The Court agrees, as a brief review of Plaintiff's requests makes clear that they were all addressed to WFA alone.  *See id.*

Plaintiff attempts to generate a dispute of material fact on this issue through her own declaration.  Dkt. No. 36-1 ("Robinson Decl.").  First, she avers that she "assumed and believed that when [she] was writing to the Wells entity with which [she] most recently had an operating account [i.e., WFA], [she] was effectively communicating to the entire family of Wells entities, including those [she] had done business with in the past."  *Id.* ¶ 3.  However, this argument fails, since Robinson's belief as to whom she made requests is irrelevant in the face of the undisputed evidence as to whom she *actually* made requests.  *See Taylor v. List*, 880 F.2d 1040, 1045 n.3 (9th Cir. 1989) (affidavit reflecting that affiant was "informed and believed that [defendant] was involved" in legal violation did not create triable issue regarding that defendant's involvement because statement was not based on personal knowledge).  Plaintiff also attempts to prove that WFB rejected her document requests after she filed a formal complaint against WFB with the Federal Reserve Consumer Help Center in Houston, which WFB acknowledged in writing that they received.  *See* Robinson Decl.  However, a complaint made to WFB regarding WFA's failure to comply with Plaintiff's requests does not demonstrate that Plaintiff ever made a request *to WFB* seeking production of any of the alleged documents.  Because there is no evidence that Plaintiff ever requested documents from WFB or WFC or that WFB or WFC ever rejected such requests, Plaintiff's direct liability claims against WFB and WFC must fail.

Nor can WFB or WFC be held vicariously liable for the actions of their subsidiary, WFA.  "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (quotation marks and citation omitted).  Without an allegation that the corporate veil should be pierced—which Plaintiff does not here allege—there can be no vicarious liability for WFB or WFC.

Plaintiff responds to these fatal obstacles by arguing that the motion for summary judgment should be treated as a motion for judgment on the pleadings because WFB and WFC's motion "attack[ed] [Plaintiff's] First Amended Complaint . . . on its face, without regard to any

4

extraneous evidence whatsoever." *See* Dkt. No. 36 at 7. Plaintiff represents that if the Court were to agree with her interpretation, she would seek leave to amend the complaint to allege that WFB and WFC also denied Plaintiff's document requests. Opp. at 3. The Ninth Circuit has found an abuse of discretion where a district court granted summary judgment after refusing to rule on a claim not included in the complaint. *See Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) ("Where plaintiffs fail[] to raise [a claim] properly in their pleadings, . . . [if] they raised it in their motion for summary judgment, they should [be] allowed to incorporate it by amendment under Fed. R. Civ. P. 15(b).") (quotation marks and citation omitted; brackets original). However, the Court finds that because there is no evidence that either WFB or WFC ever refused Plaintiff's document requests, amendment in this case would be futile.[3]

Finally, Plaintiff argues that even if summary judgment is appropriate, the present motion should be considered a motion for partial summary judgment as it fails to address her declaratory relief claim. *See* Dkt. No. 36 at 8. Defendants concede that they do not address the declaratory relief claim in their motion, but argue that they did not need to do so because without substantive claims, there is no basis for declaratory relief. *See* Dkt. No. 37 at 5.

"The Declaratory Judgment Act, 28 U.S.C. § 2201, is the procedural statute under which a federal court determines whether to exercise its jurisdiction to hear a case such as the present one." *Golden Eagle Ins. Co. v. Travelers Co.*, 103 F. 3d 750, 753 (9th Cir. 1996); *see also Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites," and is a sufficient case or controversy to confer standing. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-83 (1995); *see also Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) ("If the suit passes constitutional and statutory muster, the district court must also be satisfied that

---

[3] At the August 4, 2016 motion hearing, Plaintiff's counsel represented that when he filed the Opposition to the present motion, he sent a letter requesting documents from WFB and WFC to Defendants' attorney, and "assum[ed]" the request would be refused. Dkt. No. 42 at 6:1-6:13. Speculation about a refusal that has not yet occurred is not an appropriate basis for amendment. If Plaintiff properly presents a request to WFB and WFC, and the request is refused, Plaintiff's counsel can file an action based on that refusal if he has a Rule 11 basis for doing so.

entertaining the action is appropriate. This determination is discretionary, for the Declaratory Judgment Act is deliberately cast in terms of permissive, rather than mandatory, authority.") (quotation marks and citation omitted). "Of course, this discretion is not unfettered." *Id.* In deciding whether jurisdiction is appropriate, the Court "must balance concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain v. Allstate Ins. Co.*, 931 F. 2d 1361, 1367 (9th Cir. 1991). In doing so, the Court should consider the following factors: (1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *Dizol*, 133 F.3d at 1225.

Here, Plaintiff "predicate[s] subject matter jurisdiction on diversity of citizenship," so subject matter jurisdiction is proper. *Golden Eagle*, 103 F. 3d at 753. Assuming that standing is also proper, which the Court does not decide here, the question then is whether the Court should "exercise[e] its judicial discretion not to hear [this case]." *Id.* The Court finds that Plaintiff's declaratory relief claim, standing alone, would result in precisely the kind of "needless determination of state law issues" that the Court has the discretion to avoid--i.e., whether a former trustee has a duty under Oregon law to provide information to a trust beneficiary after the trust has terminated. *See Dizol*, 133 F.3d at 1225. The Court therefore declines to entertain that question.

## IV. CONCLUSION

Defendant's motion is **GRANTED**.[4]

**IT IS SO ORDERED.**

Dated: 12/15/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] Because Plaintiff's claims fail for the reasons set out above, the Court declines to address Defendants' additional argument that no fiduciary duty existed at the time that Plaintiff lodged her requests because the Trust had already been terminated and the Trust assets distributed. *See* Mot. at 3.